■ ANDREW E. KINGSBURY, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 40930.) — GABRIELLI, J. Appeal by the State from a judgment of the Court of Claims which awarded the claimant the sum of $29,328 in an appropriation case. In arriving at the damages sustained in the taking of certain of claimant's buildings, it appears that the court relied upon reproduction cost less depreciation. There was no basis in law and fact for the application of this theory of damages. These improvements were not shown to be unique or a specialty and the evaluation by this method was, therefore, in error (Guthmuller v. State of New York, 23 A D 2d 597). Nor is there anything in the record which would authorize the court to use comparable sales as a basis for such evaluation. The comparables relied upon by the State are not satisfactory comparables under the circumstances. Neither does the decision of the court disclose how it arrived at the value of the frontage land at $1,000 per acre. Claimant's proof placed the value at $1,500 per acre while the State valued it at $1,360. In this calculation, the court erred because the reduction is not supported by the record (Matter of City of New York [A. & W. Realty Corp.], 1 N Y 2d 428). In the interests of justice a new trial should be had on which damages may be proven by competent proof. Judgment reversed, on the law and the facts and in the interests of justice, and a new trial ordered, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.

■ CHARLES H. SELLS, INC., Appellant, v. NEW YORK STATE THRUWAY AUTHORITY, Respondent. (Claim No. 37073.) — AULISI, J. Appeal by claimant from a judgment of the Court of Claims dismissing its claim for extra compensation for engineering, supervision and inspection services, and interest on the retained percentages. We find controlling Tippetts-Abbett-McCarthy-Stratton v. New York State Thruway Auth. (18 A D 2d 402, affd. 13 N Y 2d 1091). That was a similar claim for engineering services rendered when the completion date of the prime construction contract between the contractor and the Thruway Authority was extended. The burden on appellant here, as set forth in Tippetts (supra), to show that the Authority unreasonably delayed the work has not been met. The trial record contains various instances and reasons for the problems and delays common to this type of extensive highway construction program. In addition, the contract provisions between appellant and the Authority stated that the contract was to continue during extensions of the prime contract and appellant was put on notice not to expect additional fees during extensions of time. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum decision by Aulisi, J.